Andrew D. Campbell, OSB #022647
Email: andrew@heltzel.com
Heltzel Williams PC
PO Box 1048
Salem, OR 97308
Phone: (503) 585-4422
Fax: (503) 370-4302
        Attorney for Defendant Clark

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **TYLER COX**, individually, | ) | Case No. 3:21-cv-00984-HZ |
| | ) | |
| Plaintiff, | ) | **THOMAS CLARK'S PARTIAL** |
| | ) | **MOTION TO DISMISS** |
| v. | ) | |
| | ) | |
| **CITY OF PORTLAND**, a municipal corporation, and **THOMAS CLARK**, in his individual capacity, | ) ) ) ) | |
| Defendants. | ) | |

Defendant Thomas Clark, hereby moves pursuant to Fed. R. Civ. P. 12(b)(1), for an order dismissing all state law claims with prejudice on the basis of sovereign immunity.

LR 7-1 CERTIFICATION

The undersigned certifies that on October 5, 2021 he took part in a good faith conferral with opposing counsel but the parties were unable to agree on this motion.

1 – THOMAS CLARK'S PARTIAL MOTION TO DISMISS
ADC:mom/W:\CLIENTS\CL19433\001\00739190.DOCX

## STANDARD

In a motion challenging the court's subject matter jurisdiction under Rule 12(b)(1), a defendant may raise a "factual" objection to jurisdiction. *Leite v. Crane Co.,* 749 F.3d 1117, 1121 (9th Cir. 2014) *cert. den.* 135 S. Ct. 361 (2014).[1] "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite,* 1121 (citations omitted); *see also, Green v. U.S.,* 630 F.3d 1245, 1248 n.3 (9th Cir. 2011) ("On a motion to dismiss for lack of subject matter jurisdiction under Fed. R .Civ. P. 12(b)(1), proof of jurisdictional facts may be supplied by affidavit, declaration, or any other evidence properly before the court, in addition to the pleadings challenged by the motion.") As such, the trial court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004) *citing  Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir.2003). When the facts challenged in the motion are <u>not</u> the same facts constituting the actual merits of the case, the trial court makes appropriate findings to resolve the jurisdictional question. *See, e.g., Green, supra.*

Rule 12(b)(1) motions are the appropriate vehicle for asserting sovereign immunity. *See, Raj v. Louisiana State University,* 714 F.3d 322, 327-29 (5th Cir. 2013); *Meyers ex rel. Benzing v. Texas,* 410 F.3d 236, 240 (5th Cir. 2005) *cert. den.* 127 S. Ct. 2126 (2007).

---

[1] As opposed to a "facial" challenge that simply objects to jurisdiction because the plaintiff failed to plead jurisdictional facts. *See, e.g., Leite v. Crane Co., supra.*

FACTUAL BACKGROUND OF CASE

Late in the evening of August 31, 2020, protestors gathered in Portland near NW Glisan Street and 10th Avenue. Complaint ¶¶ 19, 20. Plaintiff was in the crowd with the protestors. Comp. ¶ 21. Portland Police responded with officers and a "Sound Truck" to allow police to make announcements and instruct the crowd. Exhibit 11, Declaration of Amy Bruner-Dehnert. At 11:04 PM Portland Police made the following announcement to the crowd of protestors:

> This is the Portland Police Bureau. To those in the area of NW 10th Avenue and NW Glisan Street: this has been declared an unlawful assembly. Officers have observed people gathered participate in vandalism, fire starting and burglary. All persons must immediately leave the area by travelling to the West. Failure to adhere to this order may subject to you arrest, citation, or crowd control agents, including but not limited to, tear gas and/or impact weapons. Leave the area by travelling to the West now.

*Id.* Then, approximately three minutes later, at 11:07 PM, the police declared a riot and made the following announcement to those present (including Plaintiff (Comp. ¶ 19)) via the Sound Truck:

> This is the Portland Police Bureau. To those in the area of NW 10th Avenue and NW Glisan Street: this has been declared a riot. Officers have observed people gathered participate in vandalism, fire starting and burglary. All persons must immediately leave the area by travelling to the West. Failure to adhere to this order may subject to you arrest, citation, or crowd control agents, including but not limited to, tear gas and/or impact weapons. Leave the area by travelling to the West now.

*Id.,* at 2-3. This announcement was made twice. *Id.* Approximately two minutes later, at 11:09 PM, the police made a similar announcement, declaring a riot and noting that the Portland Fire Department needs access to the area in order to extinguish fires. *Id.,* at 2.

At approximately 11:11 PM, the police made specific announcements to individuals to allow fire personnel safe access. *Id.,* at 2. One minute later, 11:12 PM, the police again announced a riot and instructed all persons (including Plaintiff) to move West. *Id.,* at 2. At 11:14 PM, the police again announced a riot and directed the crowd (including Plaintiff) to move West. *Id.* At 11:24 PM, the police again announced a riot and directed the crowd (including Plaintiff) to move West. *Id.,* at 3.

"At approximately 11:25 PM, the crowd, including Plaintiff, was moving to the west on Glisan St. between 11th and 12th Avenues, in compliance with law enforcement directives." Comp. ¶ 21. Throughout this time, police responded to crowd movements and arranged themselves in locations to address the moving crowd. *See,* Exhibits 1 through 10, Declaration of Vance Nebling.

While Defendant denies and contests Plaintiff's characterization of Defendant-Clark's contact with him, and specifically denies that his use of force was excessive, the parties agree that in this context (time and place), Defendant-Clark made contact with, and arrested Plaintiff. Exhibit 12 to Declaration of Andrew Campbell. Hence, Defendant-Clark arrested Plaintiff in the midst of a riot, moment of civil commotion or mob action.

## MOTION

At this stage, Defendant-Clark does not seek dismissal of the federal claims, nor does he, at this stage, seek a finding about the constitutionality of the use of force. However, because the government has not waived its sovereign immunity for conduct by officers during riots, moments of civil commotion and mob action, sovereign immunity

remains intact for such conduct. On that basis, neither state nor federal courts have jurisdiction over state law claims in this dispute and they should be dismissed with prejudice.

The Oregon Tort Claims Act represents a limited waiver of the government's sovereign immunity. *See, Rabkin v. OHSU,* 350 F.3d 967, 975 (9th Cir. 2003) *citing Griffin ex rel. Stanley v. Tri–County Metro. Transp. Dist. of Or.,* 318 Or. 500, 513 (1994). Waiver of sovereign immunity may not be implied; it must be stated by unambiguous legislative action. *Horton v. OHSU,* 359 Or. 168, 221-22 (2016); *Newport Church of Nazarene v. Hensley*, 335 Or. 1, 17 (2002).

The OTCA specifically retains immunity for any government employee's conduct undertaken–within the scope of their employment–during a riot or moment of civil commotion.

> Every public body and its officers, employees and agents acting within the scope of their employment or duties *** are immune from liability for:
>
> ***
>
> Any claim arising out of riot, civil commotion or mob action or out of any act or omission in connection with the prevention of any of the foregoing.

ORS 30.265(6)(e).

There can be no doubt from the face of the Complaint, the City's Answer (ECF# 6) and the filings submitted herein, that ORS 30.265(6)(e) applies to this case.[2] First, it is apparent from the face of the complaint that Defendant-Clark was acting within the scope

---

[2] The City's Answer constitutes a judicial admission of facts (*Hakopian v. Mukasey,* 551 F.3d 842, 846 (9th Cir. 2008)) and may be considered by the court in making jurisdictional findings.

5 – THOMAS CLARK'S PARTIAL MOTION TO DISMISS
ADC:mom/W:\CLIENTS\CL19433\001\00739190.DOCX

of his employment at the relevant time. "Defendant Thomas Clark is a police officer with the Portland's [sic] Police Bureau and was acting in the course and scope of his employment…" Comp. ¶ 17. Moreover, the face of the complaint establishes that the scene of Plaintiff's interaction with Defendant-Clark was a riot, a location of civil commotion or an occurrence of mob action. "Portland Police declared and unlawful assembly and ordered protesters to disperse…" Comp. ¶ 20; *see also,* Answer ¶ 17. Beyond the pleadings, Exhibit 11 to the Declaration of Bruner-Dehnert clearly establishes that a riot had been declared multiple times before Officer Clark encountered Plaintiff. The Complaint also alleges that police were engaged in "police crowd dispersal tactic" and then "formed a new line" to control the rioters. Compl. ¶¶ 23 and 24. The Complaint contains pictures that allegedly show Defendant-Clark surrounded by protesters (Compl. ¶¶ 26 – 29) until he is surrounded by other officers, clad in full riot gear. Compl. ¶ 30.

All questions about the constitutionality of Defendant-Clark's use of force aside, it is beyond any reasonable debate that such conduct–good or bad–arose out of a riot, moment of civil commotion or mob action. Thus, it is evident that Defendant-Clark was acting within the scope of his employment during a riot, civil commotion or mob action. Therefore, he is immune from state law claims.

ORS 30265(6)(e) also provides immunity for any conduct "in connection with" the *prevention* of a riot or civil commotion. Thus, even if Plaintiff argues that circumstances had not yet devolved into a full blown "riot," the statute still provides for

6 – THOMAS CLARK'S PARTIAL MOTION TO DISMISS
ADC:mom/W:\CLIENTS\CL19433\001\00739190.DOCX

**HELTZEL WILLIAMS PC**
**P.O. BOX 1048 ■ SALEM, OREGON 97308-1048**
**TELEPHONE (503) 585-4422 ■FACSIMILE (503) 370-4302**

immunity for any steps taken to prevent such commotion (the most obvious examples would be dispersing crowds and arresting those who refuse to leave.)

The Court need not address the merits Plaintiff's case to resolve whether or not it has jurisdiction over the state law claims. That is, the Court need not decide if Defendant-Clark used excessive force on Plaintiff, had probable cause to arrest Plaintiff, or committed any other constitutional tort; those questions may be addressed in future proceedings.[3] Instead, in this jurisdictional motion, the only factual question raised is whether the Complaint seeks to hold Clark liable for conduct "arising out of" a riot, civil commotion or mob action; if it does, sovereign immunity bars the action.

Judge Panner had occasion to apply ORS 30.265(6)(e) (previously numbered ORS 30.265(3)(e)) when an officer shot a participant during a prison riot. *Albers v. Whitley,* 546 F. Supp. 726 (1982) *aff'd* 788 F.2d 650 (9th Cir. 1986). Judge Panner explained:

> I hold that recovery is barred by the Oregon Tort Claims Act. [ORS] 30.265(3)(e) provides that every public body and its officers acting within the scope of their employment are immune from liability for any claim arising out of riots, civil commotion or mob actions. The immunity further extends to any act or omission in connection with the prevention of riots.

*Albers,* 546 F. Supp. at 738. In affirming the decision by the trial court, the Ninth Circuit held, "[t]he district court correctly dismissed Albers' pendent state tort claims because recovery is barred by the Oregon Tort Claims Act." *Albers v. Whitley,* 743 F.2d 1372,

---

[3] And the Court certainly need not resolve the *Monell* or negligence claims brought against the City.

1377 (9th Cir. 1984) *citing the then-version of* ORS 30.265(6)(e), *reversed on other grounds* 475 U.S. 312 (1986).[4]

In responding to this motion, Plaintiff may now claim that his arrest did not "arise out of" a riot, moment of civil commotion or mob action, despite the express allegations in the Complaint–including the pictures pasted into that filing. Any such argument would certainly be peculiar given the allegations herein, but Plaintiff may nonetheless argue that he was arrested in a manner that was somehow separate from the riots/protests and thus the conduct did not "arise out of" a riot or moment of civil commotion.

If such an argument, dubious though it may be, is presented, *Hicks v. City of Portland,* 2006 WL 3311552 (D. Or. Nov. 8, 2006) is instructive. In that case, Judge Mossman adopted Magistrate Judge Ashmanskas' Opinion granting summary judgment for defendants noting, "[a]lternatively, Defendants may rely on [ORS] 30.265(3)(e), which insulates public officers and bodies from liability under State law for '[a]ny claim arising out of riot, civil commotion, or mob action or out of any act or omission in connection with the prevention of any of the foregoing.'" *Id.,* at *16. *Hicks* involved an arrest after riot police had resolved a surging crowd, and had departed. "At least fifteen minutes later—after the last police announcement can be heard over the loudspeakers, after riot police left the scene, and after police reopened the street to allow limited pedestrian traffic—Plaintiff entered the street." *Id.,* at *2. Thereafter, the defendant-

---

[4] Initially, the Ninth Circuit reversed the district court's application of qualified immunity but affirmed its application of the OTCA. *Albers v. Whitley,* 743 F.2d 1372 (9th Cir. 1984). The Supreme Court then reversed the Ninth Circuit as to qualified immunity, only. *Albers v. Whitley,* 475 U.S. 312 (1986). On remand, the Ninth Circuit affirmed the district court completely, dismissing all federal on the basis of qualified immunity and state claims on the basis of OTCA-based immunity. *Albers v. Whitley,* 788 F.2d 650 (9th Cir. 1986).

officer arrest her. *Id.,* at *3. If the arrest in *Hicks* arose from a riot, moment of civil commotion or mob action, certainly the arrest in the case at bar qualifies.

Hence, the argument advanced here is not novel. Having been affirmed by the Ninth Circuit, ORS 30.265(6)(e) operates to bar claims against government actors who are caught in a melee and forced to make snap-second decisions in the midst of riots, civil commotion or mob action. Based on the allegations in the Complaint, taken together with the admissions in the City's Answer and other evidence, ORS 30.265(6)(e) robs courts of jurisdiction for any state law claims over Defendant-Clark. Put differently, the government has retained its historical sovereign immunity for such conduct. Therefore, Clark respectfully moves for an order dismissing all state law claims with prejudice.

Dated this 29th day of October, 2021.

                                            HELTZEL WILLIAMS PC

                                            s/Andrew D. Campbell
                                            Andrew D. Campbell, OSB #022647
                                            Of Attorneys for Defendant Thomas Clark
                                            PO Box 1048
                                            Salem, OR 97308
                                            Phone: (503) 585-4422
                                            Fax: (503) 370-4302
                                            Email: Andrew@heltzel.com

# CERTIFICATE OF SERVICE

I certify that I served a true and exact copy of the foregoing **THOMAS CLARK'S PARTIAL MOTION TO DISMISS** by the methods indicated below to:

Joseph E. Piucci
Stephen V. Piucci
900 SW 13th Avenue, Suite 200
Portland, OR 97205
Email: joe@piucci.com
 steve@piucci.com
 Attorney for Plaintiff

Christopher M. Hamilton
333 SW Taylor Street, Suite 300
Portland, OR 97204
Email: chris@cbmhlaw.com
 Attorney for Plaintiff

William M. Manlove, III
City of Portland
1221 SW Fourth Avenue, Suite 430
Portland, OR 97204
Email: William.Manlove@portlandoregon.gov
 Attorney for City of Portland

☑ By emailing to said attorneys at their above listed email addresses a true copy thereof.

☑ By electronic filing using the District Court's CM/ECF system.

Dated this 29th day of October, 2021.

HELTZEL WILLIAMS PC

s/Andrew D. Campbell
Andrew D. Campbell, OSB #022647
Of Attorneys for Defendant Clark
Email: Andrew@heltzel.com

10 – THOMAS CLARK'S PARTIAL MOTION TO DISMISS
ADC:mom/W:\CLIENTS\CL19433\001\00739190.DOCX

**HELTZEL WILLIAMS PC**
**P.O. BOX 1048 ■ SALEM, OREGON 97308-1048**
**TELEPHONE (503) 585-4422 ■ FACSIMILE (503) 370-4302**